UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CYNTHIA K. SLATER,

        Plaintiff,

-vs-

J.C. PENNEY COMPANY, INC.,

        Defendant.

DECISION and ORDER

10-CV-6381-CJS-JWF

**Siragusa, J.** Pending before the Court in this employment discrimination case is Defendant's motion seeking summary judgment, ECF No. 23. The Court entered an order dated May 22, 2013, setting June 19, 2013, as the date Plaintiff's responding papers were due. ECF No. 24. On June 25 and September 5, 2013, the Court granted Plaintiff's counsel's requests for extensions of time to respond to the summary judgment motion. ECF No. 25, ECF No. 26. The last extension was granted for September 16, 2013, the date Plaintiff's counsel requested.[1]

On September 10, 2013, Plaintiff's counsel, Christina A. Agola, Esq., was suspended from the practice of law pursuant to N.Y. Compl. Codes R. & Regs. tit. 22, § 1022.20 (2013) by an order of the New York State Supreme Court, Appellate Division, Fourth Department.[2] Rules of the Appellate Division require a suspended lawyer to notify her clients

---

[1] Both letters requesting extensions were signed by Ryan C. Woodworth, Esq., and written on letterhead of the firm Christina A. Agola, PLLC. On September 16, 2013, the Court received a letter from Elizabeth Siniscalco, paralegal, advising that Mr. Woodworth had resigned that day and requesting that the Court grant an indefinite extension for Plaintiff to respond until Christina A. Agola, Esq., was reinstated. The Court rejected the paralegal's request, reminding her that New York State Judiciary Law § 478 prohibits the practice of law by a paralegal or non-licensed attorney.

[2] "(e) Suspension pending disposition. An attorney who is the subject of an investigation or proceeding may be suspended during the pendency of the investigation or proceeding on motion of the chief attorney, on notice to the attorney, upon a finding by the Appellate Division that the attorney

of the suspension and advise them to obtain new counsel. N.Y. Compl. Code R. & Regs. tit. 22, § 1022.27 (2013).[3]

The Court received a letter inquiring about the status of this case from opposing counsel and on October 16, 2013, sent a response, with a copy to the last known address for Plaintiff's counsel: WNY Civil Rights, LLC, 1415 Monroe Avenue, Rochester, NY 14618. On October 29, 2013, the letter was returned to the Court. The envelope had written in large black lettering across its face, "RETURN TO SENDER." The Post Office affixed a yellow sticker stating, in relevant part, "RETURN TO SENDER. ATTEMPTED - NOT KNOWN. UNABLE TO FORWARD."

The Court's local rules require that *pro se* litigants keep the Court apprised of the litigant's current address. The rule states:

> A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant. The Court will assume that the litigant has received papers sent to the address he or she provides. The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice.

L.R. Civ. P. 5.2(d) (2012).

---

has committed misconduct immediately threatening the public interest. Such a finding may be based upon the attorney's default in responding to a petition, or notice to appear for questioning or subpoena; an admission under oath to the commission of professional misconduct; or other uncontroverted evidence of misconduct."

[3] "(b) Notification of clients. When an attorney is disbarred, suspended from the practice of law or removed from the roll of attorneys after resignation, the attorney shall promptly notify, by registered or certified mail, each client, the attorney for each party in a pending matter and, for each action where a retainer statement has been filed pursuant to former section 1022.2 of this Part, the Office of Court Administration. The notice shall state that the attorney is unable to act as counsel due to disbarment, suspension or removal from the roll of attorneys. A notice to a client shall advise the client to obtain new counsel. A notice to counsel for a party in a pending action or to the Office of Court Administration in connection with an action where a retainer statement has been filed pursuant to former 22 NYCRR 1022.2 shall include the name and address of the disbarred, suspended or resigned attorney's client."

The Court presumes that Christina A. Agola complied with the rule requiring her to notify her clients and encourage them to obtain new counsel. It is evident that the Court no longer has a current address for Plaintiff, and that Plaintiff has failed to respond to the Court's order directing her to file a response to Defendant's motion. Further, the Court has attempted to reach Plaintiff through her counsel's last known address without success.

The Federal Rules of Civil Procedure permit the Court to dismiss an action if a plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). In reviewing an order dismissing a case under Rule 41, the Court of Appeals considers the following:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex. rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

This lawsuit has been pending since July 6, 2010, and is already more than three years old. The case has gone through several amended scheduling orders since its initiation and all discovery is now completed. More than three months have passed since the June 19, 2013, deadline for Plaintiff's response to the motion. Plaintiff has had sufficient time to either attempt to obtain new counsel, or contact the Court, and evidently has done neither. The case is now in limbo. The Court has no means by which to contact Plaintiff to warn her that further delay could result in dismissal. Defendant is likely to be prejudiced by further delay since this is a retail store in which Plaintiff was employed from 1976 until October 14, 2008, and witnesses are likely to move or otherwise become unavailable. *See* Merle Decl. ¶ 5, May 17, 2013, [ECF No. 23-21](ECF No. 23-21). The Court has 252 pending civil cases with 179 pending motions, and 106 pending criminal cases involving 164 defendants and is cur-

rently presiding at a three-defendant criminal trial involving a conspiracy to sell drugs and to commit three murders. Spending time to review an unopposed motion for summary judgment in light of the other cases in which the litigants are fully involved is wasteful of the Court's time. The Court determines that no lesser sanction would suffice, primarily because Plaintiff has not provided a means by which to contact her.

In view of Plaintiff's abandonment of this lawsuit, the Court finds that dismissal of the lawsuit is warranted pursuant to Federal Rule of Civil Procedure 41(b). Therefore, the Court directs the Clerk to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

Dated: November 6, 2013
      Rochester, New York    ENTER:

                                            /s/ Charles J. Siragusa
                                            CHARLES J. SIRAGUSA
                                            U.S. District Judge